765 A.2d 1073 (2001)
336 N.J. Super. 594
Adriana FERNANDEZ and Estaban Fernandez, her husband, Plaintiffs-Respondents,
v.
JERSEY CITY MEDICAL CENTER, Jersey City Medical Center Breast Clinic, Hudson OB/GYN Associates, Raul Aguilar, M.D., Melba A. Berbano, M.D., Jea K. Choi, M.D., Pamela Brug, M.D., Marie Ditommaso, Hyung Koo Yun, M.D. and Haenum Yun, M.D., Defendants-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 2000.
Decided January 19, 2001.
*1074 Judith A. Deer argued the cause for appellants Hudson OB/GYN Associates and Raul Aguilar, M.D. in A-4501-99T3 (Hurley & Vasios, Short Hills, attorneys; Leonard Rosenstein, Livingston, of counsel; Ms. Deer, on the brief).
Jane S. Kelsey, Parsippany, argued the cause for appellant Jersey City Medical Center Breast Clinic in A-4503-99T3 and relies on the brief filed by appellants Hudson OB/GYN Associates and Raul Aguilar, M.D. in A-4501-99T3 (Giblin & Combs, Morristown, attorneys).
Mollie K. O'Brien, Springfield, argued the cause for appellant Jea K. Choi, M.D. in A-4507-99T3 and relies on the brief filed by appellants Hudson OB/GYN Associates and Raul Aguilar, M.D. in A-4501-99T3 (Wahrenberger & O'Brien, attorneys).
Fred Hughes, New Providence, argued the cause for appellant Pamela Brug, M.D. in A-4508-99T3 and relies on the brief filed by appellants Hudson OB/GYN Associates and Raul Aguilar, M.D. in A-4501-99T3 (Tafaro & Flynn, attorneys).
Evelyn C. Farkas, Morristown, argued the cause for appellant Marie Ditommaso in A-4509-99T3 and relies on the brief filed by appellants Hudson OB/GYN Associates and Raul Aguilar, M.D. in A-4501-99T3 (Francis & O'Farrell, attorneys).
Rowena M. Duran, Short Hills, argued the cause for appellants Hyung Koo Yun, M.D. and Haenum Yun, M.D. in A-4510-99T3 and relies on the brief filed by appellants Hudson OB/GYN Associates and Raul Aguilar, M.D. in A-4501-99T3 (Duran & Pandos, attorneys).
Thomas H.E. Hallett, Bernardsville, attorney for appellant Melba A. Berbano, M.D. in A-4505-99T3 (Mr. Hallett of counsel; Andrea G. Miller Jones, Paterson, on the brief).
Bruce M. Glassner, Secaucus, argued the cause for respondents (Chasan, Leyner, Bariso & Lamparallo, attorneys; Joel A. Leyner, of counsel; Mr. Glassner, on the brief).
Before Judges CIANCIA, ALLEY and BILDER.
The opinion of the court was delivered by CIANCIA, J.A.D.
These consolidated appeals constitute one medical malpractice action that presents yet another unresolved question concerning application of the Affidavit of Merit statute, N.J.S.A. 2A:53A-26 to -29: if the negligent act is committed before the *1075 effective date of the statute, but by virtue of the discovery rule the cause of action does not accrue until after the effective date of the statute, is a plaintiff obligated to file and serve an affidavit of merit? We, like the trial judge who denied defendants' motions to dismiss for failure to submit an affidavit of merit, conclude that plaintiffs are not so obligated on these facts. We believe Cornblatt v. Barow, 153 N.J. 218, 708 A.2d 401 (1998) directs such a result although the defendants also rely on Cornblatt in arguing for the opposite conclusion.
For present purposes, the parties agree that the alleged negligence concerning the diagnosis of Adriana Fernandez's breast cancer happened prior to June 29, 1995, the effective date of the Affidavit of Merit statute. L. 1995, c. 139, § 5. The negligence was not discovered by plaintiffs until after that date, sometime in 1996. Suit was initiated in February 1998, within two years of discovering the basis for an actionable claim. The precise dates of these events are not essential to a decision of the question before us.
Plaintiffs' complaint was twice amended, bringing in additional defendants and, upon the death of Adriana Fernandez, adding a wrongful death claim.[1] Prior to the second amendment, one of the defendants brought a motion to dismiss the complaint for failure to comply with the Affidavit of Merit statute. This motion was joined by other defendants and was heard by Judge Maurice Gallipoli on October 22, 1999 and December 21, 1999. On the latter date, Judge Gallipoli gave an oral decision finding that Cornblatt stands for the proposition that if the underlying facts constituting the alleged malpractice occurred prior to the effective date of the act, the statute does not apply.
Defendants then moved before this court for leave to appeal. Before those motions were decided, defendants again moved before the trial court. That motion related to the wrongful death action that had been brought in the second amended complaint, filed October 15, 1999. As to that cause of action, an argument concerning the applicability of the Affidavit of Merit statute had not been raised at the earlier hearings, apparently because some defendants had not yet answered the second amended complaint and the time to file an affidavit of merit, if required at all, had not yet run. N.J.S.A. 2A:53A-27. At a hearing on March 31, 2000, Judge Gallipoli ultimately applied the same reasoning to the wrongful death action as he had to the initial malpractice claim, now a survival action. Again, he believed Cornblatt established the proposition that if the operative facts underlying plaintiffs' claim predate the effective date of the statute, no affidavit of merit is required. Of the parties now before us, only defendant Choi moved for leave to appeal the March 31, 2000 order. That motion was denied. Rather, we granted defendants' leave to appeal from Judge Gallipoli's order of January 18, 2000 that reflected his oral decision of December 21, 1999.
In essence, defendants argue that in Cornblatt the Court equated the "occurrence" of a cause of action with the "accrual" of a cause of action. The Third Circuit Court of Appeals has recently taken a similar view of Cornblatt. In the context of a medical malpractice diversity action, the Court of Appeals stated:
The New Jersey Supreme Court has held that "the [affidavit of merit] statute does not apply to malpractice actions filed on or after the effective date of the statute if the facts giving rise to the malpractice complaint occurred before that date." Cornblatt, 708 A.2d at 406. The Cornblatt Court found the term "occur" as used in the statute to have the same meaning as "accrue," so the statute only applies to causes of action which accrue on or after June 29, 1995.

*1076 See id. at 408. A cause of action accrues when the facts occur which give rise to a right of action.
[Chamberlain v. Giampapa, 210 F.3d 154, 163 (3d Cir.2000).]
Neither Cornblatt nor Chamberlain, however, were discovery rule cases. In both, the cause of action accrued when the negligence occurred. In Cornblatt, which in our view is determinative of the present question, the debate was not about the possible difference between "occur" and "accrue," but rather, about whether a cause of action that had occurred and accrued prior to the effective date of the Affidavit of Merit statute, was subject to the act when the complaint, actually a counterclaim, was timely filed, albeit after the effective date of the Affidavit of Merit statute. When an affidavit of merit was not filed within sixty days of plaintiff's answer to the counterclaim, and the counterclaimant's motion for an extension of the filing period was denied, the issue was joined.
The Affidavit of Merit statute states: "This act shall take effect immediately [June 29, 1995] and shall apply to causes of action which occur on or after the effective date of this act." L. 1995, c. 139, § 5. The basis of the dispute in Cornblatt was the phrase "causes of action which occur[.]" The defendant/counterclaimant said the phrase was synonymous with "causes of action which accrue," while the plaintiff equated the phrase to "causes of action filed." Cornblatt, supra, 153 N.J. at 232, 708 A.2d 401. In this context, when the time of occurrence and accrual were congruent, the Court said:
In sum, the meaning of the Affidavit of Merit Bill calls for its application only to those cases the underlying legally-significant facts of which happen, arise, or take place on or after the effective date of the statute.
[Id. at 236, 708 A.2d 401.]
Thus, the Court never squarely addressed the applicability of the statute when occurrence of the negligence and accrual of the cause of action are on opposite sides of June 29, 1995. We believe the language and rationale of Cornblatt support the view that the occurrence of the negligent acts is the event that determines whether the Affidavit of Merit statute is applicable. In the present circumstances, the accrual of the cause of action is more akin to the filing event in Cornblatt than it is to an "occurrence," as the Court interpreted the statutory use of the word "occurs." The emphasis in Cornblatt was not on the creation or existence of a legal cause of action, but rather, on the facts that gave rise to that cause of action. Thus, Justice Handler initially framed the question as "whether the statute applies to cases filed on or after its effective date when the underlying facts constituting the alleged malpractice have occurred prior thereto." Id. at 224, 708 A.2d 401. He later held, "that the statute does not apply to malpractice actions filed on or after the effective date of the statute if the facts giving rise to the malpractice complaint occurred before that date." Id. at 229-230, 708 A.2d 401. And still later in the opinion, "we determine that the phrase `causes of action which occur,' in effect, imports as its meaning the happening of facts that constitute a legal basis for remedial relief." Id. at 233, 708 A.2d 401. When analyzing the meaning of "cause of action" or "occur" or "accrue" in that context, the Court found definitional guidance from a variety of sources, virtually all of which related to facts or events that happen, arise or take place. Id. at 232-233, 708 A.2d 401.
The discovery rule does not alter the happening of events or facts. Indeed, it does not delay the existence of a cause of action, in the sense that the events giving rise to the cause of action are there from the occurrence of the negligence. The discovery rule simply delays accrual of the cause of action, for statute of limitations purposes, until the injured party reasonably discovers that a wrong has been done. Baird v. American Medical Optics, *1077 155 N.J. 54, 66, 713 A.2d 1019 (1998). The discovery rule is a court-made doctrine to ameliorate the "harsh and unjust results" that follow from a strict application of the statute of limitations. Lopez v. Swyer, 62 N.J. 267, 273-274, 300 A.2d 563 (1973). The focus of the Affidavit of Merit statute, as interpreted in Cornblatt, is not on a legal construct such as a filing date or a statute of limitations, but rather, on the real events that formed the cause of action. Accordingly, we hold that when negligent acts occur prior to the effective date of the Affidavit of Merit statute, the plaintiff is not statutorily obligated to file an affidavit of merit if the suit is filed after that date, even if the filing is by virtue of the discovery rule's postponement of accrual. While the related question concerning an action filed under the Wrongful Death Act, N.J.S.A. 2A:31-1 to -6, is not strictly before us, we see no difference in result if the focal point is the happening of the negligent acts.
Accordingly, the order denying defendants' motions to dismiss plaintiffs' complaint for failing to file an affidavit of merit is affirmed.
NOTES
[1] Plaintiff Estaban Fernandez was apparently substituted in as general administrator and administrator ad prosequendum for the estate of Adriana Fernandez.